IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDERICK E. SCHUCK, #R6254** § | | **PETITIONER** |
| § | | |
| **VERSUS** § | | **CIVIL ACTION NO. 1:04cv853-DMR-JMR** |
| § | | |
| **RONALD KING and JIM HOOD** § | | **RESPONDENTS** |

**FINAL ORDER GRANTING MOTION OF RESPONDENTS
TO DISMISS FOR FAILURE TO EXHAUST [DOC. No. 12]**

BEFORE THE COURT is the Motion of the Petitioners, Ronald King and Jim Hood, to Dismiss the Petition of Frederick E. Schuck filed in this cause for Failure to Exhaust [Doc. No. 12]. And the Court, having carefully considered said motion, as well as the arguments of the parties and the applicable case law, is of the opinion that said motion to dismiss is well taken and should be granted.

**I. DISCUSSION**

The Petitioner, Frederick E. Schuck, has filed this petition pursuant to 28 U.S.C. § 2254, as amended, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254 ( c) provides as follows:

> c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he

has the right under the law of the State to raise, by any available
procedure, the question presented.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Only after the Mississippi Supreme Court has been provided with a fair opportunity to pass upon petitioner's claim in a procedurally proper manner can petitioner be said to have satisfied the exhaustion requirement. Such a failure to exhaust available state court remedies clearly warrants dismissal of the instant federal habeas corpus petition. 28 U.S.C. §2254(b)(1) and ( c), *supra*.

## II. FACTUAL BACKGROUND

Frederick E. Schuck was convicted of murder by deliberate design in the Circuit Court of George County, Mississippi, and sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. *See* Exhibit A. Thereafter, petitioner, *via* counsel, appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

2

> A. The trial court erred in granting Instruction S-1, which permitted conviction of Mr. Schuck without requiring a unanimous finding by the jury on the elements of the indicted charge, and which permitted the prosecutor to usurp the power of the grand jury and to seek a conviction on a depraved heart theory of murder for which Mr. Schuck was not indicted. Furthermore, this jury instruction permitted a constructive and substantive amendment to the indictment by the prosecutor.
>
> B. The trial court erred in denying Mr. Schuck's motion seeking to suppress Mr. Schuck's statement regarding his involvement in the shooting.
>
> C. The trial court erred in denying Mr. Schuck's Motion for a Mistrial made when the state improperly elicited from witnesses Cooper and Maggio the blatantly incorrect testimony that Mr. Schuck had been dishonorably discharged from the U.S. Navy and that he had a bad conduct record while in the service.
>
> D. The verdict of murder was against the overwhelming weight and sufficiency of the evidence and the trial court erred in denying Mr. Schuck's Motion for a Directed Verdict and his Motion for a New Trial.

In addition, Petitioner Schuck filed *pro se* a supplemental brief wherein he raised the following issues (as rephrased by the court in its opinion):

> E. Whether Schuck was denied his right to testify as granted by Article 3, Section 26 of the Mississippi Constitution of 1890.
>
> F. Whether the assistant district attorney committed procedural misconduct in closing arguments by bolstering the credentials and testimony of the State's witness over the defense's witness.

  G. Whether defendant/appellant was denied effective assistance of counsel at trial.

Schuck argued the following sub-issues in support of his claim of ineffective assistance of counsel in the state court: (1) trial counsel denied his fundamental constitutional right to testify in his own behalf, (2) trial counsel failed to object to the prosecuting attorney's "improper" and "prejudicial" comments during closing arguments, (3) trial counsel failed to object to Instruction S-1, and (4) trial counsel failed to properly perfect an appeal from the conviction. *See* "Briefs and Other Pleadings" from Cause No. 2001-KA-00979 forwarded to the Clerk of the Court in conjunction with the filing of this motion.

On December 4, 2003, the Mississippi Supreme Court affirmed petitioner's judgment of conviction in a published opinion. *See* Exhibit B. *Schuck v. State,* 865 So. 2d 1111 (Miss. 2003) (Cause No. 2001-KA-00979-SCT). Schuck admits in his petition and supplement (and the records of the Mississippi Supreme Court confirm) that Schuck did not file a petition for post-conviction relief.

### III. LEGAL ANALYSIS

Schuck raises the following issues in the instant petition (in his own words):

  A. Ground One - Whether the verdict of murder was against the overwhelming weight and sufficiency of the evidence and the trial court erred in denying Schuck's motion for a directed verdict and his motion for a new trial.

  B. Ground Two - Whether the trial court erred in granting instruction S-1, which permitted conviction of Schuck without requiring a unanimous finding by the jury on the

        elements of the indicted charge, and which permitted the prosecutor to usurp the power of the grand jury and to seek a conviction on a depraved heart theory of murder for which Mr. Schuck was not indicted. Furthermore, this jury instruction permitted a constructive and substantive amendment to the indictment by the prosecutor.

    C.    Ground Three - Whether the trial court erred in denying Schuck's motion seeking to suppress Schuck's statement regarding his involvement in the shooting.

    D.    Ground Four - Whether the trial court erred in denying Shuck's motion for a mistrial made when the State improperly elicited from witnesses Cooper and Maggio the blatantly incorrect testimony that Schuck had been dishonorably discharged from the U.S. Navy and that he had a bad conduct record while in the service.

    E.    Ground Five - Whether defendant/appellant was denied effective assistance of counsel at trial.[1]
(1) Counsel failed to investigate and produce court document that clearly showed Byron E. Beasley was under bond for the simple assault of Fred E. Schuck and that Beasley was at Schuck's home two (2) days before his court date for said simple assault.
(2) Counsel erred in mistakes as identified by the prosecutor during trial.
(3) Counsel "misrepresented" objection to jury instruction S-1.
(4) Counsel failed to seek proper avenues for his defense
(5) Counsel did not allow defendant to testify at trial.

---

[1] The individual claims of ineffective assistance of counsel are from a review of Schuck's claims in the petition and from the supporting brief.

> (6) Counsel made groundless objections and failed to fully represent his motions before the court.
> (7) Counsel's failure to perfect an appeal on Schuck's behalf.

The petitioner argues in his "amended petition" in this Court that he should not be required to pursue his post-conviction remedy claiming it would be "futile to subject Petitioner to the Courts of Mississippi." *See* "Amended Petition," ¶ VI.

However, the Respondents assert, and this Court agrees, that the federal habeas corpus petition before it should be dismissed for lack of exhaustion of the claims of ineffective assistance presented by Schuck in Ground Five of the instant petition. Shuck can satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, et seq. Specifically, §99-39-5 provides in relevant part as follows:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

Schuck has three years from the date his conviction became final to file for relief pursuant to Miss. Code Ann. § 99-39-1, *et seq.*, to seek post-conviction relief in state court; therefore, Schuck could, at this juncture, promptly proceed to state court to pursue his claims of ineffective assistance of counsel and thereby allow the state court to consider those claims. As such, the Respondents have asked the Court to dismiss Schuck's mixed petition for failure to exhaust state court remedies.

In his January 4, 2005, "amended petition," Schuck alternatively asks this Court to hold his current habeas petition in abeyance without ruling for ninety (90) days to allow him the opportunity to pursue any unexhausted claims. Respondents recognize that under the dictates of the recent decision by the United States Supreme Court in *Rhines v. Weber*, 125 S.Ct. 1528 (2005) that this Court has the discretion to hold a federal habeas petition in abeyance for a limited time [2] while a petitioner exhausts his claims in state court. This remedy is particularly considered when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims had been presented to the state court, would be barred under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d); *e.g., Cantu-Tzin,* 162 F.3d 295 (5th Cir. 1998), *cert. denied,* 119 S.Ct. 847 (1999); *Sonnier* v. *Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan* v. *Johnson,* 154 F.3d 196, n.l (5thCir. 1998); *Rhines,* 125 S. Ct. at 1535. The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and is only appropriate when the petitioner can show good cause for failure to exhaust his claims in state court first. *Id*. at 1535. The Respondents submit, and this Court agrees, that such "limited circumstances" do not exist in the instant case as the

---

[2]The Court notes as have the Respondents that Petitioner asks this Court to allow him ninety (90) days to proceed to state court; however, the court in *Rhines* indicated that if the "stay and abeyance" remedy is employed, the Court should set reasonable time limits on a petitioner's return to state court and back. The Court suggested in Rhines that a reasonable time limit would be thirty (30) days to proceed in state court and thereafter thirty (30) days to return back to federal court after the state court had ruled on the issues. *Rhines,* 125 S.Ct. at 1535.

7

Petitioner has not shown the "good cause" as required by *Rhines* for his failure to exhaust his claims first in state court.[3] The Court agrees that under the facts of this case, a stay and abeyance is not appropriate. The Court also notes the Respondents observation that, as is evidenced by Schuck's statements in his petition, the petitioner was aware that the proper course of action was to first exhaust all claims in state court and then file a habeas petition. Moreover, had Schuck proceeded to state court by filing a motion for post-conviction relief rather than file his federal habeas, the federal limitations period would have been tolled.

As such, the Court agrees that rather than enter a stay and abeyance of the instant petition, in keeping with the true intent of the AEDPA's limitation period, the more appropriate disposition (short of requiring total exhaustion and thereby possibly impair petitioner's right to obtain federal review of his conviction) is to give petitioner the option of voluntarily amending his petition by deleting or dismissing the unexhausted claims of ineffective assistance of counsel, and thereafter proceeding with his petition for habeas corpus on the remaining exhausted grounds. This course of action would thereby allow Schuck to avoid the possibility of dismissal of a second petition as being barred pursuant to the AEDPA's one-year statute of limitations. *Id.*; *see also Rose v. Lundy*, 102 S.Ct. 1198, 1204, 455 U.S. 509 (1982) (where the Supreme Court specifically pointed out that a

---

[3]Respondents also note that even assuming *arguendo* that this Court were to find that petitioner had met the requisite showing of "good cause," the Court in *Rhines* further held that it would be an abuse of discretion by the district court to grant a stay if the unexhausted claims were plainly without merit. *Id.* at 1535.

petitioner may always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion of the Petitioners, Ronald King and Jim Hood, to Dismiss the Petition of Frederick E. Schuck, filed in this cause, for Failure to Exhaust available state court remedies [Doc. No. 12], be and is hereby **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the   9th   day of March, 2006.


<u>**/S/   DAN M. RUSSELL, JR.**</u>
**UNITED STATES DISTRICT JUDGE**