**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN  DIVISION**

**FREDERICK E. SCHUCK, #R6254**                                              **PETITIONER**

**VERSUS**                                        **CIVIL ACTION  NO. 1:04CV0853-DMR-JMR**

**RONALD KING and JIM HOOD**                                       **RESPONDENTS**

<u>**ORDER DISMISSING PETITION WITH PREJUDICE**</u>

BEFORE THE COURT is the Petition of Frederick E. Schuck, #R6254, seeking a Writ of

Habeas Corpus pursuant to 28 U.S.C. §2254.  And the Court, having carefully considered the

record before it, and the applicable case law, is of the opinion that the grounds sought in the

petition are not well taken and it should be dismissed on all grounds with prejudice.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Petitioner is lawfully in the custody of Margaret Bingham, Superintendent of the

Central Mississippi Correctional Facility at Pearl, Mississippi, after being convicted of murder in

the Circuit Court of George County, Mississippi.  By order filed June 15, 1999, petitioner was

sentenced to life imprisonment in the custody of the Mississippi Department of Corrections.  *See*

State Court Record (S.C.R.), Vol. 1, pp. 138-39.[1]

Thereafter, the Petitioner appealed his judgment of conviction and sentence to the Mississippi

Supreme Court, assigning as error the following:

> A.    The trial court erred in granting Instruction S-1, which
> permitted conviction of Mr. Schuck without requiring a
> unanimous finding by the jury on the elements of the indicted
> charge, and which permitted the prosecutor to usurp the
> power of the grand jury and to seek a conviction on a

---

[1]Respondents have noted for the Court that Schuck's judgement of conviction was filed in
the George County Circuit Court on September 21, 1998.

depraved heart theory of murder for which Mr. Schuck was not indicted.  Furthermore, this jury instruction permitted a constructive and substantive amendment to the indictment by the prosecutor.

B.     The trial court erred in denying Mr. Schuck's motion seeking to suppress Mr. Schuck's statement regarding his involvement in the shooting.

C.     The trial court erred in denying Mr. Schuck's Motion for a Mistrial made when the state improperly elicited from witnesses Cooper and Maggio the blatantly incorrect testimony that Mr. Schuck had been dishonorably discharged from the U.S. Navy and that he had a bad conduct record while in the service.

D.     The verdict of murder was against the overwhelming weight and sufficiency of the evidence and the trial court erred in denying Mr. Schuck's Motion for a Directed Verdict and his Motion for a New Trial.

In addition, Schuck filed *pro se* a supplemental brief wherein petitioner raised the following issues

(as rephrased by the court in its opinion):

E.     Whether Schuck was denied his right to testify as granted by Article 3, Section 26 of the Mississippi Constitution of 1890.

F.     Whether the assistant district attorney committed procedural misconduct in closing arguments by bolstering the credentials and testimony of the State's witness over the defense's witness.

G.     Whether defendant/appellant was denied effective assistance of counsel at trial.

Schuck argued the following sub-issues in support of his claim of ineffective assistance of counsel

in the state court: (1) trial counsel denied his fundamental constitutional right to testify in his own

behalf, (2) trial counsel failed to object to the prosecuting attorney's "improper" and "prejudicial"

comments during closing arguments, (3) trial counsel failed to object to Instruction S-1, and (4) trial

counsel failed to properly perfect an appeal from the conviction.  *See* "Briefs and Other Pleadings" from Cause No. 2001-KA-00979.

On December 4, 2003, the Mississippi Supreme Court affirmed petitioner's judgment of conviction and sentence in a published opinion. *See Schuck v. State*, 865 So. 2d 1111 (Miss. 2003)(Cause No.2001-KA-00979-SCT), Exhibit "A".

Schuck initially filed his Petition for Writ of Habeas Corpus on November 30, 2004, in which he raised the following five (5) grounds:

> Ground One - Whether the verdict of murder was against the overwhelming weight and sufficiency of the evidence and the trial court erred in denying Schuck's motion for a directed verdict and his motion for a new trial.
>
> Ground Two - Whether the trial court erred in granting instruction S-1, which permitted conviction of Schuck without requiring a unanimous finding by the jury on the elements of the indicted charge, and which permitted the prosecutor to usurp the power of the grand jury and to seek a conviction on a depraved heart theory of murder for which Mr. Schuck was not indicted.  Furthermore, this jury instruction permitted a constructive and substantive amendment to the indictment by the prosecutor.
>
> Ground Three - Whether the trial court erred in denying Schuck's motion seeking to suppress Schuck's statement regarding his involvement in the shooting.
>
> Ground Four - Whether the trial court erred in denying Shuck's motion for a mistrial made when the State improperly elicited from witnesses Cooper and Maggio the blatantly incorrect testimony that Schuck had been dishonorably discharged from the U.S. Navy and that he had a bad conduct record while in the service.
>
> Ground Five - Whether defendant/appellant was denied effective assistance of counsel at trial:[2]
>
> > 1.    Counsel failed to investigate and produce court documents that clearly showed Byron E. Beasley was under bond for the simple assault of Fred E. Schuck and that Beasley was at

---

[2]The individual claims of ineffective assistance of counsel are from a review of Schuck's claims in the petition and from the supporting brief.

Schuck's home two (2) days before his court date for said simple assault.

2.      Counsel erred in mistakes as identified by the prosecutor during trial.

3.      Counsel "misrepresented" objection to jury instruction S-1.

4.      Counsel failed to seek proper avenues for his defense.

5.      Counsel did not allow defendant to testify at trial.

6.      Counsel made groundless objections and failed to fully represent his motions before the court.

7.      Counsel failed to perfect an appeal on Schuck's behalf.

On June 20, 2005, the Respondents filed a "Motion To Dismiss For Failure To Exhaust" in which they argued that Petitioner Schuck had not exhausted all of his ineffective assistance of counsel claims that he raised in Ground Five of his habeas petition. In the motion to dismiss, the Respondents asked this Court to either dismiss the petition and instruct Schuck to return to state court to exhaust his claims or to permit Schuck to amend his habeas petition by deleting the unexhausted claims. Thereafter, on March 10, 2006, this Court dismissed Schuck's petition without prejudice. Shuck, however, filed an amended petition on March 29, 2006, in which he deleted Ground Five in its entirety, leaving only exhausted claims in his petition. In an Order dated May 5, 2006, this Court reinstated Schuck's petition as amended and ordered the Respondents to answer the following claims as contained in the amended petition (as stated by the Petitioner):

Ground One - Whether the verdict of murder was against the overwhelming weight and sufficiency of the evidence and the trial court erred in denying Schuck's motion for a directed verdict and his motion for a new trial.

Ground Two - Whether the trial court erred in granting Instruction S-1, which permitted conviction of Schuck without requiring a unanimous finding by the jury

4

on the elements of the indicted charge, and which permitted the prosecutor to usurp the power of the grand jury and to seek a conviction on a depraved heart theory of murder for which Mr. Schuck was not indicted.  Furthermore, this jury instruction permitted a constructive and substantive amendment to the indictment by the prosecutor.

Ground Three - Whether the trial court erred in denying Schuck's motion seeking to suppress Schuck's statement regarding his involvement in the shooting.

Ground Four - Whether the trial court erred in denying Schuck's motion for a mistrial made when the State improperly elicited from witnesses Cooper and Maggio the blatantly incorrect testimony that Schuck had been dishonorably discharged from the U.S. Navy and that he had a bad conduct record while in the service.

Meanwhile, Schuck returned to state court and filed a petition for post-conviction relief in the Mississippi Supreme Court on June 28, 2006, wherein he raised the following claims (as stated by petitioner):

A.    Whether or not the trial court judge erred after hearing Motion in Limine and applying Miss. R. Evi., Rule 403 to suppress the character of the alleged victim (Byron E. Beasley) when the Prosecutor committed Brady violation by  not submitting court documentation that showed alleged victim (Byron E. Beasley ) had been charged arrested and was under bond for the September 23rd, 1995 simple assault of petitioner (Frederick E. Schuck) and futher that alleged victim (Byron E. Beasley) had failed to appear on said on July 9th, 1996, and that a court date had been set for December 9th, 1996, and did said error lead to suppression of evidence admissible under Miss. R. Evi., Rule 404(a)(2) and deprive (Frederick E. Schuck) of duress instruction that could have influenced the jury verdict?

B.    Whether or not the trial court erred by submitting into evidence the statement made by the petitioner in violation of the Confrontation Clause of the Sixth Amendment of the U.S. Constitution and Mississippi Constitution Article 3, § 26?

C.    Whether or not the trial court erred when it failed to ensure petitioner had counsel to file a timely direct appeal and further did petitioner suffer ineffective assistance of appellate counsel due to trial court's failure?

D.    Whether or not the court erred in failing to apply Weathersby Rule?

*See* Cause No. 2006 - M - 1072. The supreme court denied the application in an Order dated August

2, 2006, holding, in pertinent part, as follows:

> Petitioner alleges (1) that the circuit court erred in suppressing information about the
> victim's character, (2) that the circuit court should have suppressed a statement
> Petitioner made to police, (3) that Petitioner received ineffective assistance of
> appellate counsel and (4) that the rule in *Weathersby v. State*, 165 Miss. 207, 147 So.
> 481 (1933), should have been applied in this case. After due consideration the panel
> finds that issues (1) and (4) could have been raised on direct appeal but were not and
> are procedurally barred. The panel finds that issue (2) was raised on direct appeal
> and is barred by res judicata. The panel finds that the standard of *Strickland v.
> Washington*, 466 U.S. 668 (1984), has not been met, and issue (3) is without merit.
> The Application for Leave to Proceed in the Trial Court should be denied.

*See* Exhibit "B".

Shuck has now filed a "Notice of Exhaustion of Claims in Supreme Court of Mississippi and

Request for Adjudication and Response from Respondents to all Claims Raised and Presented in

Original 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus Filed November 24, 2004" in this

Court, which, for all intents and purposes, is a request to amend his amended petition by adding

Ground Five from his original petition to the petition respondents were ordered to answer. As noted

previously, Ground Five consists of seven (7) claims of ineffective assistance of counsel. In the

Order dated October 4, 2006, this Court permitted the amendment as addressed herein.

## II. LEGAL ANALYSIS

The Respondents submit that petitioner presents claims in this federal habeas corpus petition

which have not been presented to the state's highest court in a procedurally proper manner and which

are now procedurally barred due to petitioner's own procedural default. *Sones v. Hargett*, 61 F.3d

410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural

default, federal courts are barred from reviewing those claims) (citing *Coleman v. Thompson*, 501

U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)) (federal review of a claim is barred in all cases

in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). *See also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993).

Specifically, the Respondents submit that Schuck has failed to proceed in a procedurally proper manner in that he has not presented the following ineffective assistance of counsel claims to the state's highest court for review: (1) Counsel failed to investigate and produce court document that clearly showed Byron E. Beasley was under bond for the simple assault of Fred E. Schuck and that Beasley was at Schuck's home two days before his court date for said simple assault;  (2) Counsel erred in mistakes as identified by the prosecutor during trial;  (3) Counsel failed to seek proper avenues for his defense; and (4) Counsel made groundless objections and failed to fully represent his motions before the court.[3]

"If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Schuck failed to raise the above claims on direct appeal or on post-conviction.  By raising the facts of the above grounds herein for the first time, Schuck has waived having the Mississippi appellate courts review the issues on the merits.  Accordingly, Schuck has defaulted claims 1, 2, 4 and 6 of Ground Five and this Court is now precluded from reviewing the claims.

---

[3]As previously noted, respondents moved to dismiss Schuck's original habeas petition because he had included claims of ineffective assistance of counsel that had not been exhausted. Respondents submit that despite returning to state court to pursue post-conviction relief, Schuck still did not exhaust the unexhausted ineffective assistance of counsel claims that were raised in his original habeas petition.  In his post-conviction petition, Schuck only raised a claim of ineffective assistance of *appellate* counsel.  This Court agrees that as such, the aforementioned claims have not been exhausted and are now procedurally defaulted.

Further, Schuck cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of the claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims properly as grounds for relief in state court.[4]  *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993).  Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Furthermore, there will be no "fundamental miscarriage of justice" if Schuck's claims are not heard on the merits.  The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted);  Schuck cannot meet this standard. The facts of the instant case which are presented do not establish that a fundamental miscarriage of justice will result if the ineffective assistance of counsel claims 1, 2, 4 and 6 presented in a Ground Five are not considered on the merits.

─────────────────

[4]Respondents note for the Court that they recognize that attorney error has in certain circumstances been held to constitute cause to overstep procedural default.  However, this Court agrees with Respondents that attorney error cannot constitute cause in the instant case because Schuck was not entitled to counsel on post-conviction review and nothing prevented petitioner from raising and discussing the aforementioned ineffective assistance of counsel claims in his post-conviction petition.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987).  Schuck simply chose not to raise those claims. As such, Schuck cannot circumvent the procedural default in the portion referred to in Ground Five.

Furthermore, Ground Two was raised in Schuck's direct appeal and held to be procedurally barred by the Mississippi Supreme Court and is, therefore, precluded from review by this Court. Specifically, on appeal, Schuck challenged the granting of Instruction S-1 under the plain error doctrine. Schuck claimed the phrasing of the instruction, which set out the elements for deliberate design murder and depraved heart murder, made it impossible to determine on which type of murder his conviction was based. The appellate court recognized that defense counsel objected to the instruction at trial but did so on a ground that differed from that being presented on appeal. *See Schuck*, 865 So. 2d. at 1118-20. As such, the appellate court found the challenge to Instruction S-1 to be procedurally barred, and, alternatively held that his claim lacked merit. *Id.*[5] "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The procedural bar applied by the state court in the instant case constitutes an independent and adequate state bar. To determine the adequacy of the bar, this Court must examine "whether Mississippi has strictly or regularly applied [them]." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). This Court agrees with the Respondents that a review of state court cases reveals that the procedural bar imposed by the court is strictly and regularly applied.[6] Further, the Fifth Circuit

---

[5]Respondents submit for the Court that, for all practical purposes, an objection at trial that differs in theory from that raised on appeal constitutes a violation of the contemporaneous objection rule.

[6]For cases barring claims for objecting at trial on grounds that differ from those raised on direct appeal, *see, e.g., Wells v.* State, 849 So.2d 1231, 1238 (Miss. 2003); *Crawford v. State*, 787 So.2d 1236, 1245 (Miss. 2001)("In order to preserve a jury instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court

has specifically held with regard to the bar imposed for failure to raise at trial, *i.e.,* the contemporaneous objection rule, that the Mississippi state courts regularly and consistently apply such bar. *Smith v. Black,* 970 F.2d 1383, 1387 (5th Cir. 1992).

Petitioner Schuck "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes,* 123 F.3d at 860 (citations omitted). Schuck has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Because the ground for relief asserted herein was denied by the state court pursuant to an independent and adequate state law, the claim in Ground Two is precluded from federal review in

---

to consider the issue."); *Hayes v. State*, 801 So.2d 806, 810 (Miss. App. 2001); *Fulgham v. State*, 770 So.2d 1021, 1023 (Miss. App. 2000); *Morgan v. State*, 741 So.2d 246, 253 (Miss. 1999)("Further, an objection on one or more specific grounds constitutes a waiver of all other grounds."); *Arnold v. State*, 739 So.2d 422, 424 (Miss. App. 1999)("The law is well settled in this state that the assertion on appeal of grounds for an objection which was not the assertion at trial is not an issue properly preserved on appeal.")(citing *Ballenger v. State*, 667 So.2d 1242, 1264 (Miss. 1995)); *Mitchell v. State*, 739 So.2d 402, 405 (Miss. App. 1999); *Watson v. State*, 483 So.2d 1326, 1329 (Miss. 1986); *Stringer v. State*, 279 So.2d 156, 158 (Miss. 1973); *McGarrh v. State*, 249 Miss. 247, 276, 148 So.2d 494, 506 (1963).

For cases holding claims barred for failure to lodge a contemporaneous objection or present a matter to the trial court for review (which the Fifth Circuit has held to be consistently applied as discussed above), *see, e.g., Piercy v. State*, 850 So.2d 219, 222 (Miss. App. 2003); *Reynolds v. State*, 818 So.2d 1287, 1289 (Miss. App. 2002); *Wansley v. State,* 734 So.2d 193, 198 (Miss. App. 1999); *Turner v. State,* 732 So.2d 937, 948 (Miss. 1999); *Smith v. State,* 729 So. 2d 1191, 1201 (Miss. 1998)*; Brewer v. State,* 725 So.2d 106, 132 (Miss. 1998); *Smith v. State,* 724 So.2d 280, 309 (Miss. 1998); *Hunter v. State,* 684 So.2d 625, 637 (Miss. 1996); *Foster v. State,* 639 So.2d 1263, 1288-89 (Miss. 1994); *Lambert v. State,* 574 So.2d 573, 577 (Miss. 1990).

10

a habeas corpus action, absent exceptional circumstances, under the authority of *Coleman,* 501 U.S. at 729-732.  Federal courts will not review a state court's holding on federal law claims if that holding rests upon a state law ground which is both independent of the merits of the federal claims and adequate to support the state court's judgment.  *See Sawyers v. Collins,* 986 F.2d 1493, 1499 (5th Cir. 1993) (citing *Harris v. Reed,* 489 U.S. 255, 260-63, 10 S.Ct. 1038, 1042-43, 103 L.Ed.2d 308 (1989)).  Consequently, "[w]hen a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court."  *Ylst v. Nunnemaker,* 501 U.S. 797, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991) (citing *Wainwright v. Sykes,* 433 U.S. 72**,** 87-88, 97 S.Ct. 2497, 2506-07, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 485-92, 106 S.Ct. 2639, 2643-48, 91 L.Ed.2d 397 (1986).  Federal habeas courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice, which respondents submit petitioner cannot show.  *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)).

In explaining the *cause* necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him."  *Coleman*, 501 U.S. at 753 (emphasis in original).  Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was  not reasonably available to [petitioner]."  *McCleskey v. Zant*, 499 U.S. 467 (1991).  In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court has stated as follows:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

11

*Murray v. Carrier*, 477 U.S. at 488.

This Court further agrees with the Respondents that Schuck does not and cannot meet the *Strickland* test for establishing constitutionally ineffective assistance of counsel such that he can overcome the procedural bar.[7]   As Schuck fails to establish cause, there is no need to consider whether there was actual prejudice to petitioner.  *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Additionally, there will be no "fundamental miscarriage of justice" if Schuck's claim is not heard on the merits.  As discussed previously, the "fundamental miscarriage of justice" exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction."   *Fairman*, 188 F.3d at 644. To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*.  Schuck cannot meet this standard.  The facts of the instant case clearly fall far short of establishing that a fundamental miscarriage of justice will result if Schuck's claim in a portion of Ground Two is not considered on the merits.

Ground Four regards a claim which is an issue of state law and as such, is not subject to habeas review.  A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved.  *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981).  The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983); *see also Mendiola v. Estelle,* 635 F.2d 487,

---

[7]Respondents note that on direct appeal Schuck raised a claim of ineffective assistance of counsel for failure to make a "proper" challenge to Instruction S-1 at trial and the appellate court found no deficiency in defense counsel's performance.  *See Schuck*, 865 So. 2d at 1125-26.

491 (5th Cir. 1981), the Court stated: "We have repeatedly admonished that we do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." The federal courts hold no supervisory power over state judicial proceedings, and federal habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground Four, Schuck argues that the trial court erred  in denying his motions for mistrial after the state elicited prejudicial testimony from state's witnesses, David Cooper and Dr. Maggio, regarding petitioner's military record and discharge status.[8] Specifically, Schuck argues that the trial court violated the Mississippi Rules of Evidence and Mississippi case law in permitting the testimony.  The appellate court addressed this issue on direct appeal and held, in pertinent part, as follows:

> ¶ 31. The trial judge was correct in his ruling to deny the motion for mistrial. Evidence, otherwise inadmissible, can be properly presented where the defense has "opened the door" on cross examination. *Hall v. State*, 691 So.2d 415, 418 (Miss.1997). The trial court has "broad discretion" to allow such questioning on re-direct examination. *Cavett v. State*, 717 So.2d 722, 726 (Miss.1998). The defense questioned Cooper at length concerning Schuck's military service.
>
> ¶ 32. "When 'the defense attorney inquires into a subject on cross-examination of the State's witness, the prosecutor on rebuttal is unquestionably entitled to elaborate on the matter'···· Because these matters were all 'brought out on cross-examination,' we find the trial court did not abuse its discretion in denying the motion for mistrial and allowing redirect examination on the matters." *Webster*, 817 So.2d at 521; *De La Beckwith v. State*, 707 So.2d 547, 591 (Miss.1997) (citations omitted).

---

[8]Respondents note that the record reveals that defense counsel did not move for a mistrial following the testimony of Dr. Maggio.  *See* S.C.R., Vol. 5, pp. 353-378.

¶ 33. Schuck has not shown an abuse of discretion by the trial court in allowing this testimony. All matters questioned on re-direct examination were matters brought out on defense's cross-examination of the witness. Therefore, this is without merit.

*See Schuck*, 865 So. 2d at 1121-23.

The supreme court's ruling was based on state law.  A claim challenging the state court's ruling on the admissibility of certain evidence under state law is precluded from review by this Court, because the rulings of state courts on evidentiary matters are solely issues of state law.  "A state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair." *Johnson v. Puckett,* 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley,* 28 F.3d 532, 536 (5th Cir.1994).  *See also Jackson v. Johnson,* 194 F.3d 641, 656 (5th Cir. 1999)*; Castillo v. Johnson,* 141 F.3d 218, 222 (5th Cir. 1998).

Giving the findings by the state court  due deference pursuant to 28 U.S.C. § 2254, the trial court's determination that the testimony from Cooper and Maggio was admissible was not erroneous under state law.  Furthermore, even if the admission of the testimony was erroneous, in light of the considerable evidence of Schuck's guilt, said testimony was not "crucial, critical, and highly significant" to the jury's determination that Schuck had indeed committed murder.  "[M]ere errors of state law are not the concern of this Court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Wainwright v. Goode,* 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1993).  Accordingly, the claims in Ground Four, as cited above, do not implicate constitutionally protected rights; the alleged violation of state rules, without more, is not a cognizable ground for habeas corpus relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir.

1989) (citations omitted).  Accordingly, Schuck is not entitled to relief for his claims in Ground Four of the instant petition.

Ground One, Ground Three, and a portion of Ground Five were reviewed by the Mississippi Supreme Court on direct appeal, and the issues were denied on the merits.  As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2241 *et seq,*. and because these issues were decided on the merits, habeas relief cannot be granted with respect to these grounds.  28 U.S.C. § 2254(d) and § 2254(e)(1).  28 U.S.C. § 2254(d) provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law.  *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000).  The second exception, subsection (d)(2), applies to questions of fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  The claims in Ground One and a portion of Ground Five are mixed question of law and fact, and the claim in Ground Three is a question of law.  Therefore, subsection (1) of § 2254(d) governs the claims in Ground One, Ground Three and a portion of Ground Five, and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts.

The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id*. at 1523. A state court's decision involves an *unreasonable* application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id*. at 1521. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2) grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented.

16

Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As set forth herein, Schuck has failed to meet his burden. Accordingly, this Court is barred from reviewing issues already decided on the merits.

In Ground One, Schuck challenges both the weight and the sufficiency of the evidence. Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000). *See also Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Supreme Court did not specifically apply the *Jackson* standard to arrive at its conclusion that "there was ample credible testimony for the jury to find Schuck guilty of murder," but the standard that the court did apply was consistent with *Jackson's* protections "against misapplications of the constitutional standard of reasonable doubt." *Jackson*, 443 U.S. at 320. In addressing Schuck's claims of sufficiency and weight, the court stated, in pertinent part, as follows:

> ¶ 34. ISSUE IV. Schuck asserts that the evidence in this case supports a conviction of heat of passion manslaughter, rather than murder, and therefore the trial court erred in denying his motion for a directed verdict and his motion for a new trial.
>
> * * *

¶ 36. Schuck contends that the facts show that his and Beasley's friendship disintegrated into a violent confrontation on the day of the shooting. Schuck refers to the State's witness David Cooper who testified that about two months before the killing "Chucky hit Freddie and knocked him down", and that Freddie (Schuck) was hollering "leave me alone." Cooper also testified that Beasley hit Schuck with an object of some type and knocked Schuck to the floor. He further testified that Schuck had bad hips and needed both of them replaced and had difficulty getting up from a sitting position.

¶ 37. Schuck argues that the "evidence in this case supports a conviction of heat of passion manslaughter, rather than murder ⋯" Ordinarily, whether a homicide is murder or manslaughter is a question of fact for the jury. *Jackson v. State*, 740 So.2d 832, 834 (Miss.1999). The State contends that the evidence must be taken in the light most favorable to the verdict. *Jackson v. State*, 580 So.2d 1217, 1219 (Miss.1991) (on appellate review the State "is entitled to the benefit of all favorable inferences that may reasonably be drawn from the evidence"), and *Noe v. State*, 616 So.2d 298, 302 (Miss.1993) (evidence favorable to the defendant should be disregarded). The jury is the judge of the credibility of a witness. *Harris v. State*, 527 So.2d 647, 649 (Miss.1988). This Court "will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence." *Drake*, 800 So.2d at 517 (*citing Maiben v. State*, 405 So.2d 87, 88 (Miss.1981)).

¶ 38. As recounted above, there was ample credible testimony for the jury to find Schuck guilty of murder. This assignment of error is without merit.

*See Schuck*, 865 So. 2d at 1123-24.

Where, as here, "a state appellate court has conducted a thoughtful review of the evidence," its determination of the sufficiency of the evidence "is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993); *see also Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991).

This Court is of the opinion that Schuck has presented nothing in his habeas petition to overcome the deference afforded to the state appellate court's decision; furthermore, he has failed to prove that the state court decision was an unreasonable application of law to the facts.  *See Williams v. Taylor, supra*.  While Schuck incorporates a "new" evidence argument in support of his claim that the evidence was insufficient, such does not change the facts upon which the murder

verdict was based.[9]  Despite this alleged "new" evidence which respondents have submitted to the

Court is not new at all, a review of the record reveals more than sufficient evidence to sustain the

verdict.  David Moore testified that he spent most of the day just prior to the shooting with Schuck

and the victim, Beasley, and saw no indication that there was a problem between the two friends.

*See* S.C.R, Vols. 3, 4, pp. 146-167.  Testimony was elicited from Moore, however, that he had in fact

witnessed Beasley strike Schuck and knock him down on a previous occasion.  *Id*. at Vol. 4, p. 151.

Mitchell Davis testified that he stopped by Schuck's house several hours prior to the murder and saw

that Schuck had piled Beasley's clothes in the yard and covered them with lighter fluid.  *Id*. at 169-

70.  Davis indicated further that Shuck stated that he was going to kill Beasley if he came back to

the house.  *Id*. at 171. The defense also elicited through Davis that, according to Schuck, Beasley had

been hitting the petitioner.  *Id*. at 175.  Davis testified that when he spoke with Beasley, Beasley

stated that he was going to whip Schuck. *Id.* at 177.  Two neighbors testified to hearing gunshots,

seeing Schuck with a gun standing over Beasley and hearing Shuck exclaim that he had shot Beasley

and someone should call the law.  *Id*. at 182, 185.  A third neighbor, James Robertson, provided the

most damning evidence, testifying that he saw Schuck shoot Beasley at a distance of thirty (30) to

forty (40) yards as Beasley was running from Schuck saying "don't shoot me."  *Id*. at 187-192.  The

county coroner and the state medical examiner corroborated Robertson's testimony that Schuck shot

the victim as he was running away with evidence that Beasley died from gunshots to the back.  *Id*.

---

[9]Specifically, Schuck claims that he has evidence not submitted to the trial court that
would have supported his claim of self-defense.  According to Schuck, such evidence shows that
the victim had been charged with assaulting petitioner several months prior to the murder and
was scheduled to appear in court on said charge on December 9, 1996, two days after the
shooting.

at 247, 265-66.  Schuck's own statements to the police were consistent with the events described by the witnesses, and the jury was well apprised of Schuck's claims that Beasley had been violent toward Schuck on the day of the murder and in the past.  *Id*. at Vol. 4, pp. 151, 175, 177, 227; Vol. 5, p. 337.  The jury further had the benefit of hearing the opinion testimony of two experts regarding Schuck's state of mind.  *Id*. at Vols. 4, 5, pp. 275-334, 353-378.  Clearly, the evidence was more than sufficient to sustain the guilty verdict.  Accordingly, Schuck is not entitled to relief based on his claim of insufficiency of the evidence in Ground One of the instant petition.

Schuck's second claim in Ground One is a challenge to the weight of the evidence, which is not an issue within the purview of a federal habeas court.  *See Young v. Kemp*, 760 F.2d 1097, 1105 (11ᵗʰ Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . . .").  As such, Schuck is not entitled to relief based on his challenge to the weight of the evidence in Ground One.

In Ground Three, Schuck argues that the trial court erred in denying petitioner's motion to suppress his confession to law enforcement.  Schuck contends that he was still under the influence of alcohol or other substances when he was interviewed by law enforcement on the morning after the shooting and was, therefore, incapable of waiving his right to counsel and his right to remain silent.  As such, petitioner argues that his statements to police could not have been made voluntarily.

The record reflects that prior to trial, the trial court conducted a suppression hearing pursuant to Schuck's motion to suppress his confession to Officers Hillman and Box.  The prosecution first presented the testimony of Officer Box, who stated that Schuck was not interviewed at the crime scene or later at the hospital because of his obvious intoxication.  *See* S.C.R., Vol. 3, pp. 9-10.  Box testified further that he and Officer Hillman interviewed petitioner the following morning, some

thirteen (13) hours after his arrest, and that Schuck did not appear to be intoxicated.  *Id.* at 12-13,

19.  Box stated that Officer Hillman read petitioner his rights, that Schuck never asked for an

attorney and never indicated that he wanted to stop talking.  *Id*. at 12-13.  Box testified that Schuck

seemed coherent, seemed to understand the questions and was responsive to the questions.  *Id*. at 12-

13, 33.  Box also indicated that no threats, rewards or promises of leniency were made during the

interview.  *Id*. at 18.  Officer Hillman testified next and likewise indicated that although Schuck was

too intoxicated to give a statement at the time of the arrest, petitioner did not appear to be intoxicated

or under the influence of any other substance the following morning when petitioner confessed to

the shooting.  *Id*. at 43.  Officer Hillman stated that Schuck seemed to be coherent and that he had

no problem communicating with the officers.  *Id*.  Officer Hillman also testified that no threats or

promises were made in an effort to get the confession from Schuck.  *Id*. at 42.  Schuck offered no

evidence to rebut the state's *prima facie* case that petitioner's confession was voluntary.  The trial

court found that petitioner's confession was voluntary and overruled Schuck's motion to suppress.

*See* S.C.R., Vols.2,  4, pp. 154, 218.  The supreme court addressed the voluntariness of Schuck's

confession on appeal and found the issue to be without merit, stating,

> ¶ 25. This Court has held that a defendant's mental condition does not automatically
> render a confession inadmissible, but is one factor to consider among the totality of
> the circumstances of a confession. *Holloway v. State*, 809 So.2d 598, 604
> (Miss.2000). Further, we have stated that intoxication does not automatically render
> a confession involuntarily but instead the confession's admissibility depends on the
> degree of intoxication. *Id.*
> ¶ 26. The testimony of the officers established a prima facie case that the statement
> by Schuck was made freely and voluntarily after a valid waiver of his Miranda rights.
> Once such a prima facie case is proven by the State, the burden then shifts to the
> Schuck to offer evidence to rebut the State's prima facie case. *Id*. Schuck failed to
> dispute said testimony made or to offer any evidence at the hearing. The trial judge
> applied the correct legal standard, properly considered the totality of the

circumstances, and held that Schuck's statement was free and voluntary, and thus admissible. This issue is without merit.

*See Schuck*, 865 So. 2d at 1121.

"A federal court entertaining a collateral challenge to the voluntariness of a confession is obliged to afford a presumption of correctness to state court findings of fact if fairly supported in the record but is authorized to exercise *de novo* review over the ultimate conclusion of whether, under the totality of the circumstances, the confession was 'voluntary.'" *Carter v. Johnson*, 131 F.3d 452, 461-62 (5th Cir. 1997)(citations omitted); *see also Muniz v. Johnson*, 132 F.3d 214, 219 (5th Cir. 1998)("[U]sing the presumptively correct factual findings fo the state court, we reweigh *de novo* the voluntariness calculation."). "'The fact that the defendant was intoxicated when he confessed is immaterial if he had sufficient mental capacity at the time to know what he was saying and to have voluntarily intended it.'" *United States v. Martin*, 434 F.2d 275, 278 (5th Cir. 1970)(*quoting* 2 Wharton's Criminal Evidence (12th ed.), pp. 122, 388). "Although mental condition may be a significant factor in the voluntariness calculus, 'this fact does not justify a conclusion that a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional voluntariness.'" *Carter*, 131 F.3d at 462 (*quoting Colorado v. Connelly*, 479 U.S. 157, 164, 107 S.Ct. 515, 520 (1986).

This Court is of the opinion that the record amply supports the factual findings of the trial and appellate courts, and Schuck has offered no credible evidence to rebut these findings as required by 28 U.S.C. § 2254(d). The record reflects that Schuck was coherent and understood his rights when he confessed and that no threats or promises were made in an effort to obtain the confession. Accordingly, the state court's determination that Schuck's confession was freely and voluntarily

given was correct and not contrary to or an unreasonable application of clearly established federal law. Therefore, habeas relief request on this ground will be denied.

In Ground Five, Schuck raises seven (7) claims of ineffective assistance of counsel, four (4) of which, as previously discussed, are procedurally barred from habeas review. The claims that are properly before this Court are as follows: (1) whether counsel "misrepresented" his objection to Instruction S-1; (2) whether counsel prohibited Schuck from exercising his right to testify; and (3) whether counsel failed to perfect an appeal on Schuck's behalf. As stated previously, the Mississippi Supreme Court reviewed the claims on direct appeal and found that the claims did not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984).[10]

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of

---

[10]Respondents note for the Court that Schuck also raised a claim of ineffective assistance of appellate counsel in his petition for post-conviction relief and the supreme court found that the claim did not satisfy the requirements of *Strickland*. *See* Exhibit "B".

20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). "Our scrutiny of counsel's performance is 'highly deferential' and we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. A determination must be made of whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). In other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). In scrutinizing counsel's performance, every effort must be made to "eliminate

24

the distorting effects of hindsight," and deficiency should not be assumed merely because the Court disagrees with trial counsel's strategy.  *Id*. (citations omitted).

In his first claim of ineffective assistance of counsel, Schuck argues that defense counsel failed to raise the appropriate objection to Jury Instruction S-1.  Although Schuck does not elaborate on this claim, it is construed that the Petitioner intends to argue that defense counsel should have objected for the reasons presented in Ground Two of this petition.  In Ground Two, Schuck contends that Instruction S-1 was improper because it provided the jury with two incompatible theories of murder in the same instruction, *i.e.*, deliberate design murder and depraved heart murder, which Schuck argues amounted to an amendment of the indictment.  The record supports and Schuck concedes that defense counsel did object to Instruction S-1 on the ground that the instruction did not require the jury to find beyond a reasonable doubt that the defendant knew right from wrong at the time of the commission of the offense.  *See* S.C.R., Vol. 5, p. 378.  Schuck argues, however, that defense counsel's objection was not adequate and failed to preserve petitioner's more appropriate "incompatible theory" challenge on direct appeal.  As previously discussed, the supreme court held that the challenge to Instruction S-1 was procedurally barred from review because the argument on appeal differed from the argument presented to the trial court.  *See Schuck*, 865 So. 2d at 1119.  The supreme court, however, alternatively addressed Schuck's claim on the merits and found that under state law the instruction was proper.  *Id*. at 1119-20.

A lawyer is not deemed deficient for failing to raise a meritless objection at trial.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.").  As is reflected by the supreme court's holding regarding the propriety of Instruction S-1, an objection for the reasons cited by Schuck would have been fruitless.

As such, there can be neither a finding of deficiency on the part of defense counsel for failing to "appropriately" object to Instruction S-1 nor can there be a finding of prejudice resulting therefrom; this claim is without merit.

Schuck next argues that defense counsel was ineffective in that he informed petitioner that he would not be allowed to testify in his own behalf.  Schuck asserts that he told defense counsel that he wanted to testify to rebut the false allegations of the state's witnesses but was prevented from doing so by defense counsel.  The record does not contain any indication that petitioner informed defense counsel or the court that he wanted to testify.  The Respondents submit that it is more likely than not that defense counsel, in his objectively reasonable professional judgment, advised petitioner that it would not be in his best interest to testify.  In any event, based on the silence of the record regarding this issue, the logical conclusion is that petitioner acquiesced in this advice.  Thus, absent any evidence to the contrary, the petitioner was not "prevented" from testifying but chose not to do so.  Accordingly, Schuck's argument fails to satisfy the two-pronged test of *Strickland*.

In his final claim of ineffective assistance of counsel, Schuck argues that defense counsel abandoned him in failing to perfect his appeal.  In support of his claim, Schuck cites to the following colloquy between the court and the attorneys:

> BY MR. HUNTER: Judge, I would ask the Court at this time to allow me to withdraw from further representation of the Defendant.  I was retained specifically for the trial.  And I would like to present an order to the Court on that at this time.
>
> BY THE COURT: Any response?
>
> BY MR. LAWRENCE: My only concern is, Judge, this man is now facing some serious time limits on appeal.  And I would hate to burden him.  And I feel kind of in an awkward position now in trying to represent his interest.  But I think he has a right to an appeal.  And if the lawyer is off the case and he don't have a lawyer to prosecute that appeal–

> BY MR. HUNTER: Let me respond to that.  I certainly am not going to leave him in that position.  I'm going to make an investigation and determine if it is appropriate for him to file an affidavit and ask the Court to appoint him an attorney or, if not, to seek an attorney if he is able to pay for one.  I have already prepared those documents, and I will proceed on doing that.  But as far as further representation, I would like to be permitted to withdraw.
>
> BY THE COURT: Mr. Hunter, I will do this.  I will allow you to withdraw under the requirement that you complete his appeal requirements so that his time wouldn't run and we protect his interest.  If you will do that–
>
> BY MR. HUNTER:  –Yes, sir.  I think I owe that duty in any event.
>
> BY THE COURT: I agree.  As long as everybody understands that, that you are going to perfect the appeal, I will sign the order.

*See* S.C.R., Vol. 5, p. 422-23.  A review of the record reflects that defense counsel, Mr. Hunter, did not perfect Schuck's appeal as instructed by the court.  This notwithstanding, however, the record does indicate that Schuck pursued an out-of-time appeal and appointment of counsel and was granted same by the trial court.  *See* S.C.R., Vol. 2, pp. 192-226.  The record indicates further that Ross Simon was appointed as appellate counsel and filed a notice of appeal on November 30, 2001.  *Id.* at 222-23.  Such appeal was thereafter heard by the Mississippi Supreme Court, and the decision of the trial court was affirmed.  *See Schuck v. State*, 865 So. 2d 1111 (Miss. 2003).  In light of the fact that Schuck was granted an out-of-time appeal, the Petitioner was not prejudiced by defense counsel's failure to perfect the appeal and therefore cannot satisfy the prejudice prong of the *Strickland* test.

This Court does not find that Schuck has established that defense counsel was ineffective .  Accordingly, the state supreme court's finding that defense counsel was not ineffective under the

*Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law.[11]  As such, habeas review of the claims in Ground Five will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Frederick E. Schuck, #R6254, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254,  be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the _____4th_____ day of April, 2007.


**/S/   DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[11] "It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner made the showing required under *Strickland*]. Instead, the test is whether the state court's decision– that [the petitioner] did not make the *Strickland*-showing– was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

28