IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FREDERICK E. SCHUCK, #R6254**                                                                **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION  NO. 1:04CV0853-DMR-JMR**

**RONALD KING and JIM HOOD**                                                                **RESPONDENTS**

### ORDER DENYING PETITIONER'S  MOTION FOR RELIEF FROM JUDGMENT
### [Doc. No. 35-1]

This matter is before the Court on the petitioner's Motion for Relief from Judgment [35-1] pursuant to Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure, of the Final Order and Judgment entered in this cause on April 4, 2007.  And the Court, having carefully considered this matter, is of the opinion that the motion is not well taken and should  be denied.

### DISCUSSION

A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud  . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, . . .; or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).

In the instant motion, the petitioner specifically argues that this Court erred in denying habeas relief on his claim that defense counsel prevented him from testifying at trial.  A review of this Court's opinion and final judgment reflects that this Court agreed with the respondents that the record did not support the allegation by the petitioner that he was "prevented" from testifying; rather, as set

forth in the Court's opinion, various factors in the record indicated that it might be considered that his testifying would not be in his best interest. The petitioner submits that this Court should not make such a finding without affording him an evidentiary hearing, and that he has suffered a fundamental miscarriage of justice in being prevented from testifying and that had he been permitted to testify, that he could have convinced the jury that he killed the victim in self-defense.

However, none of the arguments presented by the petitioner in his motion constitute legitimate reasons warranting relief under Rule 60(b)(3) or 60(b)(4). The Court based its opinion in finding that defense counsel was not ineffective on the entire trial record and carefully considered the claims raised in the petitioner's arguments. Additionally, the petitioner is not entitled to an evidentiary hearing. As noted by the respondent, federal courts review a Petition for Writ of Habeas Corpus, not to determine petitioner's guilt or innocence or to retry the case, but solely to determine if the petitioner's constitutional rights have been preserved. *See Herrera v. Collins*, 113 S.Ct. 853, 860, 506 U.S. 390 (1993) (citations omitted); *Ellis v. Collins*, 956 F.2d 76, 78 (5th Cir. 1992). Title 28 of the United States Code, Section 2254(e)(2), provides for the holding of evidentiary hearings and provides as follows in pertinent part:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall **not** hold an evidentiary hearing on the claim unless the applicant shows that –
>
>> (A) the claim relies on--
>>> (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

>    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A) and (B) (emphasis added).

This Court is of the opinion that the petitioner has not satisfied the requirements necessary to warrant an evidentiary hearing. The Petitioner has not established that his claim relies on a new rule of constitutional law, expressly made retroactive to cases on collateral review, or that the factual predicate could not have been previously discovered with due diligence as set forth in §2254(e)(2)(A). The petitioner also has not shown that the proffered facts underlying the claim "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B); such restrictions are very narrow. *See Guillory v. Cain*, 303 F.3d 647, n. 5 (5th Cir. 2002). As such, said amended section "curtails [federal] evidentiary hearings," *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir. 1997), and shifts the focus of the hearing to sate court where it belongs. *See Hernandez v. Johnson*, 108 F.3d 554, 558 (5th Cir. 1997). This Court is of the opinion that the Petitioner was afforded a full "paper" hearing on his claims before this court. *See Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000), and there was no need for a "live" evidentiary hearing. Accordingly, having considered the petitioner's motion, this Court finds it is without merit.

**IT IS, THEREFORE**, **ORDERED AND ADJUDGED** that the Petitioner's Motion for Relief from Judgment [35-1] be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2007.

>    /S/   DAN M. RUSSELL, JR.
>    **UNITED STATES DISTRICT JUDGE**